**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Kevin Barrett,<br><br>    Plaintiff,<br><br>v.<br><br>Professional Towing and Recovery LLC,<br><br>    Defendant. | No. CV-23-02025-PHX-ROS<br><br>**ORDER** |

Plaintiff Kevin Barrett filed this action on behalf of himself and others similarly situated claiming Defendant Professional Towing and Recovery LLC, among other offenses, failed to properly pay overtime wages under the Fair Labor Standards Act. (Doc. 1, "Compl."). Defendant seeks dismissal of Plaintiff's FLSA claim (Count I) (Doc. 9, "Mot."), arguing it is exempt from the relevant sections of the FLSA under the Motor Carrier Exemption. But the Complaint contains sufficient allegations to state a claim under the FLSA. Defendant's motion will be denied.

## I. BACKGROUND

Plaintiff alleges the following relevant facts in the Complaint. Defendant, properly seen as an "employer" under the FLSA, hires tow truck drivers like Plaintiff to provide towing and roadside assistance services. Compl. ¶ 23. Plaintiff was employed by Defendant as a tow truck driver in Arizona from October 2022 to July 2023, first at an hourly rate of $15 per hour then on a commission basis at 23% of total generated revenue. *Id.* at ¶ 28. Plaintiff alleges he regularly worked more than forty hours per week and

Defendant did not pay Plaintiff any overtime wages. *Id.* at ¶¶ 56–63.

## II. MOTION TO DISMISS

A complaint must set forth a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal citations omitted)). If "the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint" has not adequately shown the pleader is entitled to relief. *Id.* at 679. Although federal courts ruling on a motion to dismiss "must take all of the factual allegations in the complaint as true," they "are not bound to accept as true a legal conclusion couched as a factual allegation." *Id.* at 678 (quoting *Twombly*, 550 U.S. at 555) (internal quotations omitted).

Defendant moves to dismiss Count I of the Complaint, which alleges Defendant failed to properly pay overtime wages under the FLSA. Defendant's argument centers around its purported exemption from the FLSA's overtime provisions as a motor carrier under 29 U.S.C. § 213(b)(1)—the Motor Carrier Exemption. Under that statute, the overtime provisions of FLSA Section 207 do not apply with respect to "any employee with respect to whom the Secretary of Transportation has power to establish qualifications and maximum hours of service pursuant to the provisions of section 31502 of Title 49." 29 U.S.C. § 213(b)(1). And 49 U.S.C. § 31502 grants the Secretary of Transportation authority to regulate employees of "motor carriers"—defined by 49 U.S.C. § 13102 as "a person providing motor vehicle transportation for compensation"—if the employee's work activities affect the "safety of operation" of motor vehicles in interstate commerce. *See McClurg v. Dallas Jones Enterprises Inc.*, 542 F. Supp. 3d 595, 598 (W.D. Ky. 2021). "Ordinarily, employees of a motor carrier that engages wholly in intrastate commerce are subject to . . . the overtime and maximum hours provisions of the FLSA." *Johnson v. Hix Wrecker Serv., Inc.*, 651 F.3d 658, 660 (7th Cir. 2011).

Defendant's motion argues its status as a motor carrier qualifies it for the FLSA's Motor Carrier Exemption. Mot. at 3. Plaintiff characterizes this argument as a misapplication of the defense and based on incorrect analysis (Doc. 11 at 2–3, "Resp."). Plaintiff asserts Defendant has the burden to prove its affirmative defense, which it has failed to do because the Motion's argument regarding the exemption focuses solely on Defendant's status as a motor carrier, ignoring the interstate commerce element of the Motor Carrier Exemption. Resp. at 3. Plaintiff argues the allegations in the Complaint, taken as true, along with admissions in Defendant's answer (Doc. 10) foreclose application of the Motor Carrier Exemption at this stage. Resp. at 4. Plaintiff alleges his primary job functions took place "within the Phoenix metropolitan area," and that he "never went outside of the state of Arizona in performing his job duties." Compl. at ¶ 26. Further, Defendant admitted these allegations in its answer (Doc. 10 at ¶ 26).

Defendant's reply argues Plaintiff's allegations Defendant was engaged in interstate commerce and Plaintiff was engaged in commerce and affected the safety operation of motor vehicles negate Plaintiff's argument that the Motor Carrier Exemption does not apply (Doc. 12 at 3, "Reply"). But this relies on interpreting "commerce" as used in paragraph 15 of the Complaint as "interstate commerce." At the motion to dismiss stage, the Court will not make this leap. Plaintiff's Complaint sets forth a prima facie case of failure to pay overtime wages under the FLSA and alleges Plaintiff operated solely within Arizona. Taken as true, these allegations are sufficient to state a claim.

While Defendant may ultimately be able to show its affirmative defense under the Motor Carrier Act applies in this case, this issue will be decided on the merits after discovery and further factual development. *See, e.g.*, *McLeland v. 1845 Oil Field Servs.*, 97 F. Supp. 3d 855, 860 (W.D. Tex. 2019) ("Defendant's FMCA argument is an affirmative defense that requires discovery and more factual development before being decided on the merits."); *Sanchez v. Truse Trucking, Inc.*, 74 F. Supp. 3d 716, 726–27 (M.D. N.C. 2014) ("Defendant requests that this Court determine, at the motion to dismiss stage, . . . should find that Plaintiffs, by their own allegations, have conclusively shown that their work

activities fall within the MCA exemption. Although a close call, the Court finds that such a determination at this stage of the proceedings, based on the allegations in the Complaint, would be premature."). Thus, Defendant's motion will be denied.

Accordingly,

**IT IS ORDERED** Defendant's motion to dismiss (Doc. 9) is **DENIED**.

Dated this 30th day of May, 2024.

Honorable Roslyn O. Silver
Senior United States District Judge