WO

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Kevin Barrett, | No. CV-23-02025-PHX-ROS |
| Plaintiff, | **ORDER** |
| v. | |
| Professional Towing and Recovery LLC, | |
| Defendant. | |

Before the Court is Defendant's Motion to Permit More Than One Dispositive Motion (Doc. 23, "Mot."). Plaintiff responded (Doc. 24), and Defendant replied (Doc. 25). Because Defendant failed to show good cause, the Motion is denied.

Defendant seeks permission to file multiple summary judgment motions. Specifically, Defendant contemplates filing a motion for summary judgment within the next 60 to 75 days on a single issue, *i.e.*, the applicability of the Motor Carrier Act exemption (the "Exemption"), pursuant to 29 U.S.C. § 213(b)(1), in barring Plaintiff's FLSA overtime wage claim, and Defendant argues it should not be later precluded from filing additional summary judgment motions on other topics. (Mot. at 2-3). The Court previously denied Defendant's motion to dismiss on the Exemption issue as premature because the Complaint contained sufficient allegations to state a claim under the FLSA.[1]

---

[1] The Complaint includes multiple causes of action against Defendant: (1) failure to pay overtime wages under the Fair Labor Standards Act ("FLSA"), (2) failure to pay minimum wages under the FLSA, (3) failure to pay minimum wages under Arizona law, (4) failure to pay wages under Arizona law, (5) failure to provide earned paid sick time under Arizona law, and (6) retaliation under the FLSA. (Doc. 1).

1  (Doc. 14 at 1).  The Complaint alleges Plaintiff's primary job functions took place "within
2  the Phoenix metropolitan area," that he "never went outside the state of Arizona in
3  performing his job duties," (Doc. 1 at ¶ 26), and Defendant admitted these allegations in
4  its Answer.  (Doc. 10 at ¶ 26).  The Court stated "[w]hile Defendant may ultimately be able
5  to show its affirmative defense under the Motor Carrier Act applies in this case, this issue
6  will be decided on the merits after discovery and further factual development."
7  (Doc. 14 at 3).

8  Pursuant to Fed. R. Civ. P. 16(b)(4), "[g]ood cause must be shown for modification
9  of the scheduling order," *Weeks v. Union P. R.R. Co.*, 2016 WL 739643, at *3 (E.D. Cal.
10 Feb. 25, 2016), including seeking leave to file multiple dispositive motions.  Defendant has
11 failed to show good cause for its request to file multiple dispositive motions.  In its reply,
12 Defendant cites to *Bishop v. Petro-Chemical Transport, LLC*, 582 F. Supp.2d 1290 (E.D.
13 Cal. 2008).  (Doc. 25 at 3).  In *Bishop*, the court considered a motion for class certification
14 which is relevant in this case.  *Id.* at 1292.  The defendant in *Bishop* raised the Exemption
15 to oppose the motion for class certification.  *Id.*  The court had previously denied the
16 defendant's summary judgment motion as premature before class certification, but later
17 considered the merits of the Exemption defense at the class certification stage for the
18 purpose of determining whether to conditionally certify the class.  *Id.* at 1295, 1304-05.

19 As Plaintiff asserts in response, courts generally refrain from making merits
20 determinations before class certification to afford the broadest possible notice to protect
21 the remedial rights of the putative class members.  *See Colindres v. Quietflex Mfg.*, 2004
22 WL 3690215, at *19 (S.D. Tex. Mar. 23, 2004) (declining to decide the merits of FLSA
23 claims "before certification is decided and while discovery is ongoing"); *Johnson v.*
24 *Gulfport Energy Corp.*, 2020 WL 4528824, at *5 (S.D. Ohio Aug. 5, 2020) (declining to
25 bifurcate discovery as contrary to streamlining the case or promoting judicial efficiency
26 because merits issues and class issues are likely to overlap causing "needless motion
27 practice") (internal citations omitted). The circumstances here require application of the
28 same principles and procedure.  An early summary judgment motion is unwarranted.

Plaintiff is correct that "full discovery on the merits of Defendant's affirmative defense and its application to the class or collective necessarily requires discovery applicable to the full class or collective that would be obtained leading up to and following certification." Further, it would be a waste of judicial resources to needlessly adjudicate multiple dispositive motions on a piecemeal basis. This is especially true when the Exemption defense would have no bearing on Plaintiff's remaining five claims. However, Defendant may raise the Exemption defense at the class certification stage or after close of discovery in a motion for summary judgment.

Accordingly,

**IT IS ORDERED** Defendant's Motion to Permit More Than One Dispositive Motion (Doc. 23) is **DENIED**.

Dated this 6th day of November, 2024.

Honorable Roslyn O. Silver
Senior United States District Judge